**MASSACHUSETTS BAY TELECAST-
ERS, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,
WHDH, Inc., a Massachusetts Corpora-
tion, Intervenor.**

**GREATER BOSTON TELEVISION COR-
PORATION, Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,
WHDH, Inc., a Massachusetts Corpora-
tion, Intervenor.**

**Nos. 13896, 13899.**

United States Court of Appeals
District of Columbia Circuit.

Jan. 19, 1961.

Messrs. Laurence S. Fordham, James A. McKenna, Jr., and Vernon L. Wilkinson, Washington, D. C., were on the pleadings for appellant in No. 13,896.

Messrs. Jeremiah T. Riley, Washington, D. C., and J. Joseph Maloney, Jr., Boston, Mass., were on the pleadings for appellant in No. 13,899.

Messrs. John L. FitzGerald, General Counsel, Max D. Paglin, Asst. General Counsel, Edgar W. Holtz, Associate General Counsel, and James T. Brennan, Jr., Attorney, Federal Communications Commission, were on the pleadings for appellee.

Messrs. William J. Dempsey, William C. Koplovitz and Harry J. Ockershausen, Washington, D. C., were on the pleadings for intervenor WHDH, Inc.

Before EDGERTON, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

Whereas this court in its opinion of July 31, 1958, 104 U.S.App.D.C. 226, 261 F.2d 55, indicated its intention on the record then before the court, to affirm the Commission's order of April 25, 1957, awarding VHF Channel 5 in Boston to WHDH, Inc., as to which no judgment by this court was then entered;

And Whereas the court by its order of July 31, 1958, directed that the status quo be maintained pending the court's further order to follow consideration of the Commission's findings and final report as to whether the said award be void *ab initio* or voidable and as to the possible disqualification of a party or various parties, in which respect the court directed that a further evidentiary hearing be held especially directed to certain specified particulars; and the proceedings having been remanded for such purposes;

And Whereas the court by its further order of October 7, 1960, noted that, in derogation of this court's order of July 31, 1958, "that the status quo in these cases be maintained", the Commission had purported to act on July 14, 1960, without having submitted its findings and recommendations to the court, and thereupon ordered that the Commission submit to the court findings and recom-

**132**

mendations based upon the supplemental record compiled before the Special Hearing Examiner, Hon. Horace Stern;

And Whereas the Commission on November 7, 1960, filed in this court its "Report and Recommendation" adopted November 4, 1960, in which were recited inter alia the specific particulars concerning the issues above referred to and as to which the court required the Commission's findings and recommendations, which may, for present purposes, be summarized as follows:

As to issue 1: no member of the Commission who participated in the instant case should have disqualified himself;

As to issue 2: there were attempts to influence members of the Commission, but no actual influence occurred;

As to issue 3: certain conduct of one Choate, a principal of WHDH, Inc., and of one Clark, a principal of Massachusetts Bay Telecasters, has been found to be attributable to such parties;

As to issue 4: the original grant to WHDH was not void *ab initio* and that no applicant has been disqualified to receive a grant of its application, but that the grant to WHDH is voidable and that action should be taken to set it aside; and

As to issue 5: the non-disqualifying conduct of WHDH and of Massachusetts Bay Telecasters has nevertheless been such as to reflect adversely upon such applicants from a comparative standpoint; and

Now, Therefore, the court having considered the foregoing findings as summarized, and the Commission's recommendation based thereon, it now approves the findings and recommendation.

And it is accordingly ordered that the Commission's said order of April 25, 1957, is vacated, and that the proceedings be remanded to the Commission in order that it may re-evaluate the comparative positions of the applicants on the basis of the record as supplemented and make a new determination in the light thereof, and take such further action, if any, as the Commission shall deem appropriate.